# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRANDON NICHOLAS BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00101-SPM |
| | ) | |
| CHRISTOPHER SHELTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Brandon Nicholas Barnett for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). While incarcerated, and before filing the instant action, plaintiff brought three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, plaintiff's motion for leave to proceed in forma pauperis is subject to denial, unless plaintiff is under imminent danger of serious physical injury. For the reasons discussed below, the Court has determined that plaintiff's claims regarding the use of excessive force and failure to respond to grievances do not demonstrate that plaintiff is in imminent danger. However, the Court will direct plaintiff to file an amended complaint with regard to his deliberate indifference to dental care claim.

### The Complaint

Plaintiff is a pro se litigant currently incarcerated at the Southeast Correctional Center (SECC) in Charleston, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. In the complaint, he names the following thirteen defendants: Christopher Shelton; Nina Hill; Jesse May; Shaun Buhs; Rebecca Neal; James Watson; Jason Lewis; Terrance Fowler; Dr. Unknown Jackson;

Dr. Unknown Goodhand; Larry Graham; Unknown Robertson; and Christopher Proffer. (Docket No. 1 at 2-6). Defendants are all sued in both their official and individual capacities.

On January 24, 2017, plaintiff states that Correctional Officer Shelton placed him in the shower and sexually harassed him. (Docket No. 1 at 6). Specifically, plaintiff asserts that he covered the "chuckhole" with his towel so that he did not receive a violation for exposing himself. However, Officer Shelton allegedly told plaintiff to uncover the chuckhole, in order to observe plaintiff's genitals. Plaintiff told Officer Shelton that he was going to "file [a] PREA on him for sexual harassment."[1]

According to plaintiff, Officer Shelton became "hostile" when plaintiff said he was going to file a PREA complaint. Officer Shelton purportedly told plaintiff that if plaintiff did not "take it down," Officer Shelton would deny plaintiff his shower. Eventually, plaintiff got out of the shower and Officer Shelton escorted him back to his cell. As they were walking, Officer Shelton "was grabbing and squeezing [plaintiff's] arm," and also jerked and pulled him down the stairs. Plaintiff further states that Officer Shelton cursed at him and threatened to throw him down the stairs. (Docket No. 1 at 7). Officer Shelton also expressed displeasure that plaintiff had filed a PREA complaint "on [Officer Shelton's] friend." Thereafter, plaintiff alleges that Officer Shelton slammed him on his face while he was in handcuffs, and then jumped on his back. Plaintiff states that he chipped his tooth and required four stitches.

Before getting out of the shower, plaintiff requested that Correctional Officer Unknown Robertson escort plaintiff himself, because Officer Shelton was acting in a "hostile" manner. Officer Robertson did not take him out of the shower or escort him, but left that duty to Officer Shelton. Plaintiff further asserts that he told Officer Robertson three different times to call

---

[1] PREA refers to the Prison Rape Elimination Act.

Correctional Officer Christopher Proffer so that plaintiff could file a PREA complaint, but that Robertson never did it.

After the incident with Officer Shelton, plaintiff was taken to medical. While getting stitches, plaintiff encountered Officer Proffer. Plaintiff advised Officer Proffer that he wanted to file a PREA complaint and an offender abuse report. He also asked for three individuals to act as witnesses. Plaintiff states that Officer Proffer said "yes," but that he never filed the PREA complaint or the offender abuse report, and that he never secured the witnesses. He accuses Officer Proffer of covering up "a crime of assault."

Nurse Practitioner Nina Hill gave plaintiff four stitches. Plaintiff told her that his "jaw felt fractured/broken" and asked to be sent to the hospital for "proper testing and treatment." Nurse Hill denied this request but told plaintiff she would order an x-ray the next day. Plaintiff alleges that Nurse Hill never x-rayed his jaw, despite him asking for over six months. As such, plaintiff states that his jaw "had to heal by itself," causing him pain and suffering. (Docket No. 1 at 7-8).

On January 25, 2017, plaintiff asked Lieutenant Jesse May to file a PREA complaint and offender abuse report about the alleged assault that occurred while he was handcuffed. (Docket No. 1 at 8). Plaintiff also gave Lieutenant May his "bloody clothes" as evidence for the investigation. Lieutenant May filed the PREA complaint that plaintiff requested, but not the offender abuse report. Lieutenant May also replied to plaintiff's concerns about getting an x-ray by advising plaintiff that it was "a medical issue."

Plaintiff states that he filed an informal resolution request (IRR) with Caseworker Rebecca Neal. He asserts that he filed the IRR with Caseworker Neal because he had not received a response from his previous "IRR-grievance appeal" regarding his alleged assault. Plaintiff states that he did not receive an adequate response from Caseworker Neal, thereby prolonging his injuries.

Similarly, plaintiff claims that Grievance Coordinator Shaun Buhs has prolonged his injuries by failing to respond to his first and second grievance "in order to cover up [a] crime."

Plaintiff states that he advised Caseworker James Watson that Grievance 18-303 was overdue. (Docket No. 1 at 9). He also told Caseworker Watson about two more issues, but only one of those issues was addressed. Caseworker Watson then gave him a grievance form to use as a grievance appeal, because he had no more grievance appeal forms. Plaintiff filled out the form as Caseworker Watson directed, but the warden did not accept it because it was filed late. This forced plaintiff to rewrite the grievance. Plaintiff states that if Caseworker Watson had explained the misunderstanding, he would not have had to rewrite the grievance.

Plaintiff filed a medical IRR with Medical Grievance Coordinator Larry Graham. He alleges that he received no response. Plaintiff further states that he received treatment for his broken tooth on September 1, 2017, when the dentist placed a "fake tooth on it." This fell out approximately a month later. Plaintiff claims that Medical Grievance Coordinator Graham prolonged his treatment by not responding to his grievance.

On September 1, 2017, Dr. Terrance Fowler treated plaintiff's chipped tooth by the placement of an "artificial tooth." However, the artificial tooth fell off a month later. Plaintiff states that he has "severe pain" when he eats, drinks, or when air hits the tooth. He alleges that he has experienced this pain from September 1, 2017 to the present day. He also claims that he has complained about this by filing multiple health service requests. He has been told that he is on a waiting list, but has not been seen in over a year. Plaintiff states that he is "still in imminent danger due to tooth pain [and] problems" with his chipped tooth. (Docket No. 1 at 10).

Plaintiff states that from January 24, 2017 to the present, Warden Jason Lewis has known of all the complaints and issues mentioned in the complaint. He alleges that Warden Lewis has "failed to correct" any wrongdoing by SECC staff, which has prolonged his injuries.

Plaintiff seeks total damages in the amount of $11,800,000. (Docket No. 1 at 13). He is also requesting treatment for his chipped tooth.

## Discussion

Plaintiff is an inmate at SECC. He seeks leave to commence this 42 U.S.C. § 1983 action without prepayment of the required filing fee. However, plaintiff has filed three previous cases that were dismissed on the basis of frivolity, maliciousness, or for failure to state a claim. As such, his motion to proceed in forma pauperis is subject to denial unless there is a showing that he is in imminent danger of serious physical injury.

### A. 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1996 enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action…in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous,

malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

### B. Plaintiff's Previous "Strikes"

Review of plaintiff's records show that plaintiff, while incarcerated or detained, has filed at least three civil actions that were dismissed for failure to state a claim upon which relief may be granted or on res judicata grounds.[2] *See Barnett v. 5th Judicial Circuit Court Buchanan County, et al.*, No. 5:11-cv-6031-DW (W.D. Mo. May 18, 2011) (summary dismissal for failure to state a claim upon which relief can be granted); *Barnett v. Buchanan County, Missouri, et al.*, No. 5:15-cv-6044-DW (W.D. Mo. May 8, 2015) (same); and *Barnett v. Hinton, et al.*, No. 5:18-cv-6115-HFS (W.D. Mo. Nov. 5, 2018) (summary dismissal on res judicata grounds). The Court further notes that the United States Court of Appeals for the Eighth Circuit has determined that plaintiff has acquired three strikes under 28 U.S.C. § 1915(g). *See Barnett v. Neal, et al.*, No. 19-2616 (8th Cir. 2019). Thus, plaintiff is subject to § 1915(g)'s three strikes provision.

### C. Imminent Danger

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of

---

[2] The United States Court of Appeals for the Eighth Circuit has recognized that dismissals on res judicata grounds are properly counted as "strikes" for purposes of 28 U.S.C. § 1915(g). *See Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (determining that prior dismissals on the basis of res judicata qualified as strikes); and *Burke v. St. Louis City Jails*, 603 Fed. Appx. 525 (affirming the portion of the district court's decision determining that plaintiff had acquired three qualifying strikes when one of the cases the district court cited was dismissed on res judicata grounds). *See also Harmon v. Webster*, 263 Fed. Appx. 844, 846 (11th Cir. 2008) (affirming the district court's determination that its dismissal on res judicata grounds should count as a strike for purposes of § 1915(g)).

filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id*.

  i.  **Excessive Force and Failure to Protect Claims**

Plaintiff alleges that Officer Shelton used excessive force against him by slamming him to the ground while handcuffed. He further accuses Officer Robertson of failing to protect him when he asked Robertson to escort him from the showers. These allegations do not demonstrate that plaintiff is in imminent danger of serious physical injury. To the contrary, they describe a solitary incident that occurred on January 24, 2017, approximately two years and five months before the filing of the instant action. There is no indication of an impending harm. Therefore, these claims are subject to dismissal without prejudice to the filing of a fully paid complaint.

  ii.  **Grievance Claims**

Plaintiff alleges that Officer May, Grievance Coordinator Buhs, Caseworker Neal, Caseworker Watson, Warden Lewis, Medical Grievance Coordinator Graham, and Officer Proffer all failed, in one way or another, to respond to his IRRs and grievances in an appropriate manner. There is no indication from the allegations against these defendants that plaintiff is in imminent danger of serious physical injury or that their actions put him at risk of an impending harm. Instead, they are complaints about how an incident occurring on January 24, 2017 was handled by SECC staff. Therefore, these claims are subject to dismissal without prejudice to the filing of a fully paid complaint.

  iii.  **Deliberate Indifference to Medical Needs Claim**

Plaintiff alleges that Nurse Practitioner Hill was deliberately indifferent to his medical needs by failing to x-ray his jaw. He states that it was "fractured/broken" in the January 24, 2017 incident with Officer Shelton, but that Nurse Practitioner Hill ignored his request for treatment.

7

Ultimately, he states that his jaw "had to heal by itself." This claim of past deliberate indifference to medical needs does not demonstrate that plaintiff is in imminent danger. That is, there is no showing that Nurse Practitioner Hill's alleged failure to x-ray his jaw places him at risk for an impending harm. Therefore, this claim is subject to dismissal without prejudice to the filing of a fully paid complaint.

    iv.    **Deliberate Indifference to Dental Needs Claims**

Plaintiff alleges that Dr. Terrance Fowler, Dr. Unknown Jackson, and Dr. Unknown Goodhand have been deliberately indifferent to his dental needs. He accuses Dr. Fowler of putting in an artificial tooth that fell out a month later, resulting in severe pain. He does not identify the roles of Dr. Jackson or Dr. Goodhand. However, he does specifically allege that his dental condition places him in imminent danger, even though he provides few supporting facts. Moreover, he alleges that he is still not being treated for this ongoing issue.

Plaintiff's allegations against Dr. Fowler, Dr. Jackson, and Dr. Goodhand are vague, conclusory, and fail to specify how each individual is personally responsible for the deprivation of his constitutional rights. Plaintiff has also failed to provide facts that support his conclusion that he is in imminent danger. However, because plaintiff is proceeding pro se, he will be allowed to file an amended complaint regarding his claims of deliberate indifference to his dental needs pursuant to the instructions set forth below.

**D. Order to Amend**

Plaintiff should file an amended complaint regarding **only** his deliberate indifference to dental claims. He should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-

represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

Plaintiff should name only those defendants he believes are responsible for being deliberately indifferent to his dental needs. He is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff must also allege facts showing that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Failure to do so will result in the dismissal of the claim without prejudice to the filing of a fully paid complaint.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928

(8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Plaintiff will be given **thirty (30) days** in which to comply with this order. Failure to comply will result in the dismissal of this action without prejudice and without further notice.

### E. Motion to Proceed in Forma Pauperis

Plaintiff has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). As discussed above, the majority of plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. § 1915(g). However, the Court is allowing plaintiff the opportunity to file an amended complaint as to his claims of deliberate indifference to dental needs. Therefore, the Court will hold plaintiff's motion for leave to proceed in forma pauperis in abeyance pending the filing of an amended complaint.

### F. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony,

and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, he is being directed to amend his complaint to demonstrate that his claims of deliberate indifference to dental needs fit the imminent danger exception of 28 U.S.C. § 1915(g). The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) shall be held in **ABEYANCE** pending the filing of an amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint as to his deliberate indifference to dental needs claims on the Court form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that after receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 13th day of January, 2020.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE