# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON NICHOLAS BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-00101-SPM |
| ) | |
| CHRISTOPHER SHELTON, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On January 13, 2020, the Court directed plaintiff Brandon Nicholas Barnett to file an amended complaint within thirty days. (Docket No. 5). Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

## Background

Plaintiff is a pro se litigant who is incarcerated at the Southeast Correctional Center in Charleston, Missouri. On June 27, 2019, he filed an action pursuant to 42 U.S.C. § 1983, naming thirteen separate defendants: Officer Christopher Shelton; Nurse Practitioner Nina Hill; Officer Jesse May; Grievance Coordinator Shaun Buhs; Caseworker Rebecca Neal; Caseworker James Watson; Warden Jason Lewis; Dr. Terrance Fowler; Dr. Unknown Jackson; Dr. Unknown Goodhand; Medical Grievance Coordinator Larry Graham; Officer Unknown Robertson; and Officer Christopher Proffer. (Docket No. 1 at 2-6). Defendants were all sued in both their individual and official capacities.

The complaint contained a variety of different claims. Plaintiff alleged that Officer Shelton used excessive force against him, and that Officer Robertson failed to protect him. As to Officer

May, Grievance Coordinator Buhs, Caseworker Neal, Caseworker Watson, Warden Lewis, Medical Grievance Coordinator Graham, and Officer Proffer, plaintiff asserted that all had failed to respond to his informal resolution requests and grievances in an appropriate manner. With regard to Nurse Practitioner Hill, plaintiff claimed that Hill had been deliberately indifferent to his medical needs. Finally, plaintiff accused Dr. Fowler, Dr. Jackson, and Dr. Goodhand of being deliberately indifferent to his dental needs.

The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. In so doing, the Court determined that plaintiff had filed three previous cases that were dismissed on the basis of frivolity, maliciousness, or for failure to state a claim.[1] As such, the Court noted that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) was subject to denial unless plaintiff made a showing that he was in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); and *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997) (stating that prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee).

The Court examined all of plaintiff's claims, and determined that his allegations against defendants Shelton, Robertson, May, Buhs, Neal, Watson, Lewis, Graham, Proffer, and Hill were all subject to dismissal without prejudice to the filing of a fully paid complaint, because plaintiff had not alleged that the actions of these defendants placed him in imminent danger. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that for the imminent danger exception of § 1915(g) to apply, the prisoner must be in imminent danger at the time of filing). However, with

---

[1] *See Barnett v. 5th Judicial Circuit Court Buchanan County, et al.*, No. 5:11-cv-6031-DW (W.D. Mo. May 18, 2011) (summary dismissal for failure to state a claim upon which relief can be granted); *Barnett v. Buchanan County, Missouri, et al.*, No. 5:15-cv-6044-DW (W.D. Mo. May 8, 2015) (same); and *Barnett v. Hinton, et al.*, No. 5:18-cv-6115-HFS (W.D. Mo. Nov. 5, 2018) (summary dismissal on res judicata grounds). The United States Court of Appeals for the Eighth Circuit has also determined that plaintiff has acquired three strikes under 28 U.S.C. § 1915(g). *See Barnett v. Neal, et al.*, No. 19-2616 (8th Cir. 2019).

regard to the deliberate indifference to dental needs claim against defendants Fowler, Jackson, and Goodhand, the Court noted that plaintiff expressly stated he was in imminent danger. The imminent danger allegation, though, was vague and conclusory, and failed to specify defendants' personal responsibility.

On January 13, 2020, the Court ordered plaintiff to file an amended complaint with regard to his deliberate indifference to dental needs claim. The Clerk of Court was instructed to send to plaintiff a copy of the Court's prisoner civil rights complaint form. The Court also included directions within the Court order to aid plaintiff in completing his amended complaint. Plaintiff was given thirty days in which to comply. His motion for leave to proceed in forma pauperis was held in abeyance, pending his response.

**Discussion**

As discussed above, on January 13, 2020, the Court directed plaintiff to file an amended complaint within thirty days. At that time, the Court also directed the Clerk of Court to send plaintiff a copy of the Court's civil rights complaint form to aid his compliance. The order contained instructions for plaintiff to follow in completing his amended complaint. Plaintiff was advised that his failure to comply would result in the dismissal of his case without prejudice and without further notice.

More than thirty days have elapsed, and plaintiff has not submitted an amended complaint. Furthermore, he has not filed a motion with the Court seeking an extension of time in which to comply. Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of January 13, 2020, or

filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice. Plaintiff's motion to proceed in forma pauperis, which had been held in abeyance, will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of January 13, 2020. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of March, 2020.

                                          HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE